UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CHARLES HAYES
FALSE IMPRISONMENT LITIGATION                                    MDL No. 3000


ORDER DENYING TRANSFER


**Before the Panel**: Common plaintiff moves under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of California or the District of Nevada.[1] This litigation consists of three actions pending in two districts, as listed on Schedule A. Defendants in the Eastern District of California actions[2] do not oppose the motion and prefer centralization in the Eastern District of California. Defendants in the District of Nevada action[3] oppose centralization, and in their notice of intent to present oral argument, state that they alternatively support centralization in the District of Nevada.

On the basis of the papers filed and the hearing session held,[4] we conclude that centralization will not serve the convenience of the parties and witnesses or further the just and efficient conduct of the litigation. The actions share common facts as to plaintiff's allegations that he was wrongfully held for several weeks in Clark County, Nevada, and Kern County, California, due to a case of mistaken identity. But these three actions pending in adjacent districts involve straightforward claims and allegations concerning a discrete time period, brought by a common plaintiff. Plaintiff is represented by the same counsel in all actions, and defendant Kern County is represented by the same counsel in the two actions in which it is named.

Importantly, since plaintiff filed his Section 1407 motion, the parties met and agreed to informally coordinate overlapping discovery and pretrial proceedings. We have emphasized that "centralization under Section 1407 should be the last solution after considered review of all other

---

[1] At oral argument, plaintiff argued in favor of centralization in the District of Nevada.

[2] County of Kern (Kern County), Mario Rojas, Jocelyn Marie Wolter, Constance Jeffries, Deputy Rhonnda Powell Boyles, and Brandy Hirell.

[3] The Las Vegas Metropolitan Police Department, Joseph Lombardo, Jennifer Wood, and Doris Hearrington.

[4] In light of the concerns about the spread of the COVID-19 virus (coronavirus), the Panel heard oral argument by videoconference at its hearing session of May 27, 2021. *See* Suppl. Notice of Hearing Session, MDL No. 3000 (J.P.M.L. May 10, 2021), ECF No. 24.

- 2 -

options." *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Among these options are voluntary cooperation and coordination among the parties and the involved courts to avoid duplicative discovery or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004). Where, as here, only a minimal number of actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Plaintiff has failed to meet that burden here.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

**IN RE: CHARLES HAYES**
**FALSE IMPRISONMENT LITIGATION**                                   MDL No. 3000

## SCHEDULE A

<u>Eastern District of California</u>

HAYES v. KERN COUNTY, C.A. No. 1:19−01722
HAYES v. ROJAS, ET AL., C.A. No. 1:20−01820

<u>District of Nevada</u>

HAYES v. LAS VEGAS METROPOLITAN POLICE DEPARTMENT, ET AL.,
    C.A. No. 2:20−02048